**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GERALD T. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01095-SHM-tmp |
| | ) | |
| HENDERSON COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;**
**AND GRANTING LEAVE TO AMEND**

---

On May 16, 2022, Plaintiff Gerald T. Taylor filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Taylor filed the complaint, he was confined at the Henderson County Justice Center (the "HCJC"), in Lexington, Tennessee. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 5.) On June 3, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 6.) On August 31, 2022, Taylor notified the Clerk of Court that Taylor had been released from confinement on or about August 28, 2022. (ECF No. 7 at PageID 25.)

In the complaint, Taylor alleges that his family (1) notified him in April of 2022 that his grandmother had died and (2) requested that the HCJC administration allow Taylor to attend his grandmother's funeral. (ECF No. 1 at PageID 2-3.) Taylor alleges: "I was denied by [the] administration. It is clearly posted that I as an inmate am supposed to be transported to an [sic] family funeral. I feel like I was denied because of my race which is African American and or religion which is Islam." (*Id*. at PageID 2.) Taylor's allegations in the complaint are construed as claims of: (1) violation of his First Amendment right to free exercise of religion; and (2)

violation of his Fourteenth Amendment right to equal protection of the laws. Taylor sues: (1) Henderson County, Tennessee (the "County"); (2) Sheriff Brian Duke; (3) Lieutenant Jackie Bausman; and (4) Captain Jeff Smith. (*Id*. at PageID 1-2 (Duke, Bausman, and Smith are referred to as the "Individual Defendants").) Taylor seeks: (1) fifteen million dollars ($15,000,000.00) for "mental anguish"; and (2) thirteen million dollars ($13,000,000.00) for "racial discrimination." (*Id*. at PageID 4.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief; and (2) leave to amend is GRANTED.

## I.    LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations

2

are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Taylor sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

### Claims Against (1) The HCJC, (2) The County, And (3) The Individual Defendants In Their Official Capacities

#### A. The HCJC

To the extent Taylor alleges a claim in the complaint against the HCJC, Taylor fails to state

a claim to relief as a matter of law.  Under § 1983, a jail is not a "person" subject to suit.  *See*

*Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at \*2 (6th Cir.

Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).

### B.  The County

To the extent Taylor alleges a claim in the complaint against the County, the County may

be held liable only if Taylor's injuries were sustained pursuant to an unconstitutional custom or

policy of the County.  *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To

demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2)

connect the policy to the municipality, and (3) show that his particular injury was incurred due to

execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v.*

*Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is actually

responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v.*

*Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Taylor's claims against the County do not satisfy the fundamental requirements of *Monell*.

Taylor alleges that "the inmate hand-book or policy clearly states that an inmate are [sic] allowed

to attend i[m]mediate family members' funeral." (ECF No. 1 at PageID 3.)  Taylor does not allege

that the Individual Defendants took any actions pursuant to a policy or custom of the County that

was "the moving force" behind any violation of Taylor's constitutional rights.  There are no

allegations in the complaint that the Individual Defendants implemented a specific,

unconstitutional policy of the County to deprive Taylor of his constitutional rights.  That

4

distinction is dispositive for the purpose of analyzing whether Taylor alleges facts stating a claim to relief against the County.  *See Montgomery v. Conrad*, No. 3:21-cv-0820, 2022 WL 509111, at *1 (M.D. Tenn. Feb. 18, 2022) ("The Complaint does not allege that any policy or custom of the … County caused the violation of Plaintiff's constitutional rights; indeed, he complains that his alleged harm was caused by the *failure to follow* [the alleged policies].  Generally, '[i]f employees aren't following the policy, then the policy itself isn't causing the injury.'  *Harvey v. Dart*, No. 19-CV-2996, 2021 WL 4264312, at *6 (N.D. Ill. Sept. 20, 2021).  Accordingly, the Section 1983 claims against the … [municipal entity defendant] and its employees in their official capacity cannot be allowed to proceed") (emphasis added); *accord Richardson v. Webb*, No. 15-2537-JDT-cgc, 2016 WL 4532378, at *1 (W.D. Tenn. Aug. 29, 2016) ("[T]he third amended complaint still fails to state a claim against [the municipal entity defendant].  While [Plaintiff] ostensibly alleges that his injury was due to a policy or custom of these Defendants, what he actually alleges is that his injuries are due to the Defendants' *failure* to follow their established policies.  He does not allege that the policies themselves are unconstitutional") (emphasis in original).  Taylor does not allege that one of the County's policies or customs was the moving force behind the alleged violation of Taylor's constitutional rights.  Indeed, he alleges that the Individual Defendants failed to follow County policy.  Taylor fails to state a claim under § 1983 against the County.

### C.  The Individual Defendants In Their Official Capacities

Taylor does not allege whether he sues the Individual Defendants in their official or individual capacities.  (*See* ECF No. 1 at PageID 1-3.)  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials."  *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official

capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Taylor's claims against the Individual Defendants as official capacity claims.

Taylor's official capacity claims against the Individual Defendants are treated as claims against their employer — the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 2994)); *see also* ECF No. 1 at PageID 2 (alleging that the Individual Defendants are employed with the County). Because Taylor fails to allege facts stating a claim to relief against the County, *see* Section III.A.2 *supra*, Taylor fails to state claims to relief against the Individual Defendants in their official capacities.

## IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree

with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint, under the conditions set forth below.

## V.    **CONCLUSION**

For the reasons stated above:

A.    The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.    Leave to amend the complaint is GRANTED.  An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Taylor's claims.  An amended pleading supersedes the complaint and must be complete in itself without reference to the prior pleadings.  Taylor must sign the amended pleading, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended pleading and must be attached to the amended pleading.  All claims alleged in an amended pleading must arise from the facts alleged in the complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Taylor fails to file an amended pleading within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment.  The Court recommends that such dismissal should be treated as a strike under 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED, this *18th* day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

7